## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL JOSEPH EDMONDSON,

    Petitioner,

v.                                                                 Case No. 8:23-cv-1072-WFJ-SPF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Michael Joseph Edmondson, a Florida prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Upon review, the petition is dismissed as an unauthorized second or successive petition.

Mr. Edmondson challenges his state-court convictions for burglary of an occupied structure, attempted motor vehicle theft, burglary of a conveyance, resisting an officer with violence, battery on a law enforcement officer, and misdemeanor battery. (*Id.* at 1). He challenged the same convictions under § 2254 in *Edmondson v. Sec'y, Dep't of Corr.*, No. 8:18-cv-287-WFJ-TGW. This Court denied his earlier petition with prejudice. *Edmondson v. Sec'y, Dep't of Corr.*, No. 8:18-cv-287-WFJ-TGW, 2020 WL 3640479, at *4 (M.D. Fla. July 6, 2020). Mr. Edmondson appealed, and the Eleventh Circuit affirmed the denial of habeas relief. *Edmondson v. Att'y Gen.*, 853 F. App'x 484, 485 (11th Cir. 2021).

Because Mr. Edmondson has already filed a federal habeas petition challenging the same state-court convictions, the present petition is second or successive. *See Magwood v. Patterson*, 561 U.S. 320, 338-39 (2010) (stating that a § 2254 petition attacking the same state-court judgment that was challenged in an earlier § 2254 petition is successive). Thus, the Court lacks jurisdiction to consider Mr. Edmondson's petition until he obtains permission from the Eleventh Circuit to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Hubbard v. Campbell*, 379 F.3d 1245, 1246-47 (11th Cir. 2004) (recognizing that a district court is without jurisdiction to review a second or successive petition if a petitioner has not obtained authorization from the circuit court as required under § 2244(b)(3)(A)).

Mr. Edmondson does not allege that he has applied to the Eleventh Circuit for an order authorizing the Court to consider his petition. And because the Court lacks jurisdiction to consider the petition, it cannot issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (stating that the district court could not issue a certificate of appealability when it lacked jurisdiction over a successive § 2254 petition).

Accordingly, Mr. Edmondson's petition for writ of habeas corpus, (Doc. 1), is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized second or successive petition. The **CLERK** is directed to **CLOSE** this case and to send Mr. Edmondson a copy of the Eleventh Circuit's form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

**DONE** and **ORDERED** in Tampa, Florida, on May 17, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE